IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARY ANN BURNS,

          Plaintiff,

v.                                            CIVIL ACTION NO.   2:13-cv-25614

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

      Before the Court is Plaintiff Mary Ann Burns' Complaint (ECF 2) seeking review of the final decision of the Commissioner of Social Security ("Commissioner"). By standing order entered April 8, 2013, and filed in this case on October 14, 2013, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). On February 2, 2015, Magistrate Judge Tinsley entered his PF&R (ECF 18), which recommended that this Court affirm the final decision of the Commissioner and dismiss this matter from the Court's docket. Plaintiff's objections were initially due by February 20, 2015. For good cause shown, the Court granted Plaintiff's request to extend the deadline for filing objections to February 27, 2015. (ECF 20.) On February 27, 2015, Plaintiff filed objections to the PF&R (ECF 21) that were timely under the extension.

For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the PF&R to the extent it is not inconsistent with this Opinion, and **AFFIRMS** the final decision of the Commissioner.

## I. PROCEDURAL BACKGROUND

The facts concerning this matter are more fully set forth in the PF&R and need not be repeated here at length. In short, Plaintiff filed an application for disability insurance benefits on May 17, 2010 (ECF 10-7 at 3), alleging disability as of August 9, 2009, due to degenerative bulging discs, pinched nerve, sciatic nerve, anxiety, neck and mid-lower back dysfunctions, and depression (ECF 10-78 at 5). The application was denied initially and upon reconsideration. (ECF 10-4 at 2–3; ECF 10-5 at 4–8, 10–16.)

A video hearing was held before Administrative Law Judge Jack Penca on June 13, 2012. (ECF 10-3 at 2–41.) On June 21, 2012, the ALJ issued an unfavorable decision. (ECF 10-2 at 10–34).[1] The Appeals Council denied review of the ALJ's decision on August 21, 2013. (*Id.* at 2–7.) Thereafter, on October 15, 2013, Plaintiff filed her Complaint in this Court. (ECF 2.)

## II. STANDARD OF REVIEW

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366

---

[1] The ALJ found at step two of the sequential disability analysis that Plaintiff had the following severe impairments: degenerative disc disease, depression, and anxiety. (*Id.* at 15.) The ALJ found at step three that Plaintiff's impairments did not meet or equal the level of severity of any listing in Appendix 1. (*Id.* at 17–18.) Although finding at step four that Plaintiff was unable to perform any past relevant work, the ALJ found at step five that there are jobs in the national economy that Plaintiff can perform. (*Id.* at 26–27.)

(4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

Judicial review of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) ("A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law."). Substantial evidence requires more than a scintilla, but less than a preponderance, of the evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, (1938). "In reviewing for substantial evidence, [the court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id.* (citing *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)).

Assuming error by the Commissioner, "reversal is not required where the alleged error 'clearly had no bearing on the procedure used or the substance of the decision reached'" by the ALJ. *Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004). "[T]he burden of showing

3

that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Plaintiff bears the burden of proving to the Commissioner that she is disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(d)(5); *English v. Shalala*, 10 F.3d 1080, 1082 (4th Cir. 1993). The Commissioner uses a five-step process to evaluate a disability claim.[2] *See* 20 C.F.R. §§ 404.1520(a), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Plaintiff first objects that the ALJ erred because he did not fully analyze the factors enumerated in 20 C.F.R. §416.927(c)(1)–(6) prior to rejecting opinion evidence provided by Plaintiff's treating sources. (ECF 21 at 1–2). Although Plaintiff does not name the treating sources in question, it is reasonably clear from Plaintiff's memorandum of law in support of her motion for summary judgment and from the relevant discussion in the PF&R that she refers to her physician, Dr. Serafino Maducdoc, M.D, and her psychologist, Dr. Omar Hasan, M.D. (*See* ECF 11 at 9–11; ECF 17 at 13–17.)

---

[2] "Under the process the ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether that impairment meets or equals the medical criteria of Appendix 1 which warrants a finding of disability without considering vocational factors; and (4) if not, whether the impairment prevents him from performing his past relevant work. By satisfying either step 3 or 4, the claimant establishes a prima facie case of disability. The burden then shifts to the Secretary and leads to the fifth and final inquiry in the sequence: whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264–65 (4th Cir. 1981).

According to the Social Security Regulations, the ALJ "will" give a treating source's medical opinion controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If not entitled to controlling weight, the value of the opinion must be weighed and the ALJ must consider: (1) the length of treatment of the claimant by the treating source; (2) the frequency of examination by the treating source; (3) the nature and extent of the treatment relationship; (4) the support of the treating source's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating source. 20 C.F.R. §§ 404.1527(c), 416.927(c). The ALJ must give "good reasons" for the weight given to the treating source's opinion. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

The ALJ stated that he "[did] not accept" Dr. Maducdoc's "opinion that the claimant could perform only sedentary work, as it is inconsistent with Dr. Maducdoc's own treatment records and history as well as the record as a whole." (ECF 10-2 at 26.) The ALJ also stated that he gave "no weight" to Dr. Hassan's opinions as they "are not supported by Dr. Hasan's own treatment records." (*Id.* at 26.) Plaintiff acknowledges that the ALJ's stated reason for rejecting Dr. Hasan's opinion testimony relies on two of the factors enumerated in 20 C.F.R. §416.927(c), supportability and consistency. (ECF 21 at 2.) However, Plaintiff argues in her objections that "the Administration should enumerate the variable weight it affords for the other factors." (*Id.*) Thus, Plaintiff essentially argues that the ALJ erred in not explicitly assigning weight to *all* of the factors listed in § 416.927(c).

5

As this Court has already explained, "while the ALJ also has a duty to 'consider' each of the . . . factors listed above, that does not mean that the ALJ has a duty to discuss them when giving 'good reasons.' Stated differently, the regulations require the ALJ to consider the . . . factors, but do not demand that the ALJ explicitly discuss each of the factors." *Hardy v. Colvin*, No. 2:13–cv–20749, 2014 WL 4929464, at *2 (S.D. W. Va. Sept. 30, 2014) (Johnston, J.). *See also Jividen v. Colvin*, No. 3:12–04698, 2014 WL 1333196, at *1, *21 (S.D. W. Va. Mar. 31, 2014) (Chambers, J.) (adopting PF&R in which magistrate judge recognized that ALJ need not explicitly mention each factor contained in 20 C.F.R. § 404.1527(c) when evaluating treating physician's opinion).

As to the ALJ's rejections of the treating sources' opinions, Plaintiff has only challenged the ALJ's failure to explicitly address all of the §416.927(c)(1)–(6) factors in setting forth his reasons, and this the ALJ was not required to do.[3]

Plaintiff also makes the following conclusory objection:

> Moreover, Plaintiff objects to the Administration's cherry-picking of evidence that does not support disability. The record as a whole establishes that Ms. Burns is disabled. The medical evidence of record supports the opinions of her treating sources.

---

[3] Of course, as noted above, in rejecting the opinion evidence of a treating physician the ALJ must also give "good reasons" supported by substantial evidence, and there must also be substantial evidence either that the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or that it is inconsistent with the other substantial evidence in the record. Plaintiff's argument before the Magistrate Judge was that the ALJ violated the treating physician rule in "outright ignoring" Dr. Hasan's opinions, "arbitrarily discounting" Dr. Maducdoc's opinions, and "not cit[ing] with particularity to the inconsistencies upon which he relies." (ECF 14 at 10–11.) The Magistrate Judge correctly cited the applicable law (ECF 18 at 19–21), and, after noting the ALJ's statements that he rejected the opinion evidence due to inconsistencies in the record and after reviewing evidence in the record with which the opinion evidence was inconsistent (*id.* at 22–23), the Magistrate Judge found that the ALJ evaluated the treating sources' opinions in accordance with the applicable law and regulations (*id.* at 23). Although the Magistrate Judge did not explicitly find that the ALJ gave "good reasons" supported by substantial evidence, and that there was substantial evidence that the opinion was inconsistent with the other substantial evidence in the record, those findings are implicit in the Magistrate Judge's conclusion and do not appear to be in error. However, the Court is not required to review those portions of the PF&R to which Plaintiff did not raise any objections, and Plaintiff does not object before this Court that the ALJ's rejection of the treating sources' opinion evidence was inconsistent with the other requirements of 20 C.F.R. § 416.927(c).

(ECF 21 at 3.) This Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations," *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Thus, Plaintiff's objections are without merit.

### *IV. CONCLUSION*

For the reasons stated herein, the Court **OVERRULES** Plaintiff's objections [ECF 21], **ADOPTS** the PF&R [ECF 18] to the extent it is consistent with this Memorandum Opinion and Order, **AFFIRMS** the final decision of the Commissioner, **DISMISSES** Plaintiff's Complaint [ECF 2], and **DIRECTS** the Clerk to remove this case from the Docket.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 24, 2015

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE